**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **M. MILLER & SON, LLC.,** | **Civil No.** |
| *Plaintiff*, | |
| vs. | **BREACH OF CONTRACT; SPECIFIC FULFILLMENT OF CONTRACT; COLLECTION OF MONIES, DAMAGES** |
| **ASSOCIATION OF OWNERS OF CONDOMINIUM PRILA,** | |
| *Defendants*. | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiff, through the undersigned counsel, and very respectfully STATE, ALLEGE and PRAY:

### I.    Nature of Action

1. This is a civil case in which Plaintiff requests the collection of 8.50% of "any and all amounts actually received by Insured as the direct result of the efforts of Adjuster" pursuant the Public Adjuster's Contract ("Agreement") dated January 18, 2018, between Prila and M. Miller & Son, LLC ("MMS")", plus expenses, in connection with Prila's claim to Triple S Propiedad ("Triple S") due to Hurricane María. (**See Exhibit 1**). As of today, the amount corresponding to 8.50% of net settlement equals $100,000.00.

2. Plaintiff alleges that the Agreement was prematurely terminated via a Letter received on September 22, 2020 that included fabricated, baseless and unsupported reasons for termination, none of which can be connected to the actions and activities performed by MMS. (**See Exhibit**

1

2). As a result of said cancellation, MMS was precluded from collecting the amount above referenced.

3. Plaintiff alleges that as a result thereof, Defendants are liable for specific performance, collection of moneys, and damages, under Article 1210 and Article 1077 of the Civil Code of Puerto Rico, 31 LPRA sec. 3375, 31 LPRA sec. 3052, which governed the Agreement when it was executed.

## II.     Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, since there is complete diversity of citizenship between the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000,000), exclusive of costs and interests.

5. Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. § 1391, since the events that gave rise to this cause of action occurred in the District of Puerto Rico.

## III.     The Parties

6. MMS and Son, LLC is a limited liability company organized under the Laws of New Jersey, and authorized to do business in Puerto Rico, whose principal place of business is in Hillside, NJ, and its corporate mailing address is 1211 Liberty Avenue, Hillside, NJ 07205. Telephone number and email address are: 908-246-0403; robert@mmillerson.com.

7. Council of Owners of Condominum Prila is the legal entity, under the Condominium Act of Puerto Rico, which represents Condominium Prila, whose address is 70 Kings Court Street, San Juan, Puerto Rico, 00911. Telephone number is 787-636-9899; prila70@gmail.com.

## IV.     Facts of the Case

8. The allegations in the paragraphs above are reinstated and reincorporated herein.

9. On January 18, 2018, Plaintiff and Defendant executed a Public Adjuster's Contract, with the following scope of work, compensation, expenses, and cancellation clauses:

   1. **Engagement.** Insured engages Adjuster, who is in compliance with the Laws of Puerto Rico, and Adjuster accepts the engagement, to assist in the preparation, presentation and adjustment of all claims ("Services") on behalf of the Insured. Adjuster provides adjusting and loss consulting services on behalf of the Insured, exclusively, and in no capacity is an employee or representatives of the insurer for loss or damage by Hurricane Maria on/ or about September 20, 2017, at the following insured location(s):

      CONDOMINIUM PRILA #70 KINGS COURT SAN JUAN PUERTO RICO

   2. **Compensation.** Insured agrees to pay Adjuster for the Services, a fee ("Fee") of eight and one-half percent (8.50%) of any and all amounts actually received by Insured as the direct result of the efforts of Adjuster in accordance with this Agreement. As security for payment of the Fee, Insured hereby irrevocably assigns to Adjuster any and all proceeds due and to become due from the insurance companies, or otherwise recovered to cover the Fee. The Fee shall be paid to Adjuster immediately upon each issuance of proceeds by the insurance company(s) to Insured.

   3. **Expenses.** In addition to the Fee, Insured agrees to pay all reasonable costs and expenses incurred by Adjuster on the Insured behalf, if Insured agrees to each expense in advance in writing.
      …
      …

   5. **Cancellation.** Insured may cancel this Agreement in writing, within three (3) business days following the execution date of this Agreement. Thereafter, either party may cancel this agreement at any time in writing however, the Fee due per clauses 1 and 2 for services rendered up to the date of cancellation; and any expenses incurred by Adjuster, will be due and payable by the Insured within thirty (30) days.

10. During the thirty-two (32) months since the execution of the Agreement, Plaintiff diligently and customarily attended to, communicated and/or worked on Prila's claim, during every month (consecutive days and weeks at times) from the date authorized (1/22/18) until the termination of the Agreement on September 22, 2020. From inspecting and reinspecting the property

damages numerous times; revising, updating, preparing and completing the building estimate-claim with documentation input from Prila; attending settlement meetings and conference calls whenever they were coordinated between the interested parties including receiving praise after each meeting from either Prila's Board members or Prila's Board President for Plaintiff's expertise and professionalism; obtained three offers from the Insurer; communicated a settlement strategy with Prila and submitted a final settlement presentation to Triple-S on 8/11/2020 for its review and response. **(See Exhibit 3 – Excel Spreadsheet)**

11. Inexplicably and despite the above, on September 22, 2020 Prila unilaterally terminated the Agreement, using fabricated, baseless and unsupported reasons for termination, none of which can be connected to the actions and activities performed by Plaintiff. **(See Exhibit 2).** Based on said termination, Defendant refused, and to this day still refuses, to pay more or less $100,000.00 owed as compensation, which is 8.5%, plus expenses, of the anticipated settlement obtained from Triple S Propiedad.

12. After multiple failed communications between the parties, Plaintiff hired the undersigned counsel. On October 15, 2020, and December 18, 2020, Plaintiff wrote to Prila's counsel urging them to reconsider the unilateral and unfounded cancellation and requesting payment of 8.5% of all insurance payments obtained or to be obtained by Prila. Said Letter was written in good faith, to avoid litigation, and stated that if no payment is received for what is or will be due, during the next thirty (30) days from receipt, Plaintiff would be filing a lawsuit for the principal owed, interests, costs and attorney fees.  **(See Exhibits 4 and 5)**.

13. Since payment has not been received to this date, Plaintiff had no other recourse than to file the present legal action.

### V.     Counts

14. The allegations in the paragraphs above are reinstated and reincorporated herein.

15. Article 1210 of the now extinct, but then valid, Civil Code of Puerto Rico ("Civil Code") states that "Contracts are perfected by mere consent, and from that time they are binding, not only with regard to the fulfilment of what has been expressly stipulated, but also with regard to all the consequences which, according to their character, are in accordance with good faith, use, and law. 31 LPRA sec. 3375. This norm is settled law. See Bobé v. UBS Financial Services, 2017 TSPR 67.

16. Article 1077 of the Civil Code also states that "The person prejudiced may choose between exacting the **fulfilment of the obligation** or its rescission, **with indemnity for damages and payment of interest in either case**. He may also demand the rescission, even after having requested its fulfilment, should the latter appear impossible. 31 LPRA sec. 3052 (Emphasis ours)

17. In the case at bar, the Agreement contains a clause that require payment of the 8.5%, plus expenses, compensation, even if the Agreement is cancelled. Prila must fulfill its obligation to pay the agreed upon amount, even after cancelling the Agreement, with any legal interest accrued to date. Furthermore, Prila is also liable for attorney fees under Federal Rule of Civil Procedure 11(c)2 and Puerto Rico Civil Rules of Civil Procedure 44.1(d)

**WHEREFORE**, Plaintiffs respectfully requests this Honorable Court to enter a Judgement against Defendant for the amount of $100,000.00 as well as award of costs, attorney's fees, interest, and any other relief allowed in law and/or equity the Court might deem proper, regardless of whether said remedy was herein claimed or not.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 24th day of February 2021.

*S/Luis M. Rodríguez López*
Luis M. Rodríguez López
USDC No. 206408
E-mail: rodriguezlopez@grllaw.net

*S/ Humberto Guzman-Rodriguez*
Humberto Guzman Rodriguez
USDC No. 128308
Email: hguzman@grllaw.net
**Guzmán & Rodríguez-López Law Office**
PO Box 70250
Suite 279
San Juan, PR 00936
Tel: (787) 767-7502

## CERTIFICATION

IT IS HEREBY CERTIFIED that on this same date I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

S/Luis M. Rodríguez López
Luis M. Rodríguez López